IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID FLETCHER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-0241 |
| ) | |
| JIM GRANT, KEVIN KOBACK and ) | Judge Trauger |
| U.S. JUSTICE DEPARTMENT ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

*Pro* se plaintiff David Fletcher proceeds *in forma pauperis*. His complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2).

**I.  Standard of Review**

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. Factual Allegations

Plaintiff alleges claims for racial discrimination and defamation of character against defendants Jim Grant and Kevin Koback of the U.S. Marshals Office, and the United States Department of Justice. The court construes the complaint to allege that Grant and Koback are Deputy U.S. Marshals.

Plaintiff asserts that defendants Grant and Koback, while employed by the U.S. Marshals Service, conducted a "racially motivated investigation" and, in the course of this investigation, used "racial comments" when speaking to the plaintiff after taking his vehicle "by force and intimidation while armed." (ECF No. 1 at 2.) Thereafter, defendant Grant contacted businesses using U.S Justice Department phone lines for the purpose of slandering plaintiff. Plaintiff alleges that as a result of the behavior of Grant and Koback and "[the] influence of members of our Federal Government" he has been treated in mental health facilities and currently suffers from traumatic stress and paranoid symptoms. (*Id.*)

Plaintiff seeks damages in the amount of $5 million from each defendant and an injunction preventing the defendants from engaging in retaliatory tactics against plaintiff. He also demands that the defendants 'make public amends" and that they be responsible for any future mental health expenses he incurs.

## III. Discussion

Because the complaint names federal law enforcement officers as defendants, the court liberally construes the complaint as being brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* provides a federal analog to a suit brought against state officials under 42 U.S.C. § 1983; it implies a private cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *Iqbal*, 556 U.S. at 675–76. Thus, to prevail on a *Bivens* claim, the plaintiff must prove "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of [federal] law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). *Bivens* does not permit a plaintiff to avoid ordinary principles of sovereign immunity, nor does it permit a claim to be brought against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994). *See also Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.").

### A. U.S. Justice Department

The Justice Department is an agency of the United States. The United States and its agencies have not waived sovereign immunity to *Bivens*-type claims. *See Meyer*, 510 U.S. at 484. Thus, plaintiff's claims against the U.S. Justice Department must be dismissed for lack of jurisdiction.

### B. Grant and Koback

*Bivens* permits claims against federal law enforcement agents in their individual capacity. The question here is whether the vague and conclusory allegations in the complaint, even if true, support the conclusion that Grant and Koback violated plaintiff's federal constitutional rights. Plaintiff alleges only that he was the target of a "racially motivated" investigation and that Grant and Koback used "racial comments" after taking his vehicle by force and intimidation. Plaintiff does not appear to allege that the taking of his vehicle was a constitutional violation, but rather that the "racial comments" made by Grant and Koback when they took his vehicle violated his constitutional rights.

To the extent it can be discerned, plaintiff appears to be raising a claim for violation of his rights under the Equal Protection Clause. Because plaintiff is challenging the actions of officials acting under color of federal law, the equal protection analysis must proceed under the Fifth Amendment. The Fifth Amendment does not itself contain a guarantee of equal protection but instead incorporates, as against the federal government, the Equal Protection Clause of the Fourteenth Amendment. *See Center for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). Thus, the court "evaluate[s] equal protection claims against the federal government under the Fifth Amendment just as [it] would evaluate equal protection claims against state and local governments under the Fourteenth Amendment." *Id.*

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of law." U.S. Const. amend. XIV § 1. To establish an equal protection claim, plaintiff must show that he is a member of a protected class and that he was intentionally and purposefully discriminated against because of his membership in that protected class. *See e.g. Jones v. Union Cty.*, 296 F.3d 417, 426 (6th Cir.2002) (citing *Boger v. Wayne Cty.*, 950 F.2d 316, 325 (6th Cir.1991)).

Plaintiff fails to allege that he is a member of a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990) ("To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a

protected class." (citation omitted)). Likewise, plaintiff fails to allege that Grant and Koback discriminated against him because of his membership in a protected class. *See id.* Absent any such allegations, plaintiff has failed to sufficiently allege an equal protection claim. Accordingly, plaintiff's equal protection claim must be dismissed.

### C. State Law Claims

Plaintiff claims that defendant Grant made phone calls to businesses and slandered him. To the extent that plaintiff's complaint presents allegations under state law, this court declines to exercise jurisdiction. The Sixth Circuit has generally held that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Taylor v. First American Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). This claim will be dismissed without prejudice.

## V. CONCLUSION

For the reasons set forth herein, plaintiff's equal protection claim is dismissed with prejudice for failure to state a claim.

To the extent plaintiff raises a claim for slander under state law, it is dismissed without prejudice.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge